**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| URUJA RAZZAK,<br><br>    Plaintiff,<br><br>v.<br><br>ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S<br><br>    Defendant. | ) No. 1:22-cv-<br>)<br>) **Hon.**<br>) **District Court Judge**<br>)<br>) Hon.<br>) Magistrate Judge<br>)<br>) *JURY DEMAND*<br>) |

# COMPLAINT

NOW COMES PLAINTIFF, **URUJA RAZZAK**, , by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for her Complaint against Defendant, **ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S**, states as follows:

## I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim and Chicago municipal claim, pursuant to 28 U.S.C. §1367.

3. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationships, Plaintiffs performed work in this district and are residents of this district and Defendant is engaged in business in this district.

**III.  THE PARTIES**

4. Defendant, **ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S** (herein referred to as "Defendant"), operates a chain of grocery stores within Illinois and throughout the greater Chicagoland area, that sells food, prepared food, beverages, including alcoholic beverages and other consumer products to the general public.

5. Defendant is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

6. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

7. Plaintiff, **URUJA RAZZAK**, worked for Defendant as a PSM from approximately September 2015 to September 2018, at the following location(s):  Elmhurst, New City, Lakeview East (Chicago) and Vernon Hills.

8. Throughout all times pertinent to Plaintiff's claims herein, Defendant applied a common policy to Plaintiff in her role as a PSM, at each location identified above, in that Defendant classified Plaintiff as "salary exempt" and has asserted and defended that classification, in other litigation in this district, on the premise of the "administrative exemption" found at 29 U.S.C. §§ 207 (a)(1), 213.  See also C.F.R. § 541.200(a).

9. Additionally, throughout all times pertinent to Plaintiff's claims herein, at all locations identified above at which Plaintiff worked, Defendant applied a common policy, developed by Defendant's corporate management, and based upon Defendant's long history of operating successful and profitable grocery stores, that was embedded in its management policies

and procedures relative to Plaintiff's PSM position. Plaintiff participated and engaged in essential job duties and tasks on a daily or weekly basis that:

>a) were not primarily office or non-manual;
>
>b) were not directly related to its management or general business operations;
>
>c) did not include the primary duty of discretion and independent judgment on matters of significance, and;
>
>d) required Plaintiff to work in excess of 40 hours per week without receiving time and one-half compensation for those hours in excess of 40 in a workweek.

10. Additionally, Plaintiff's claims herein arise out of the same transaction or series of transactions in that regardless of which store location she worked, or under what Store Manager Plaintiff worked, Defendant hired, recruited, enrolled and offered employment as a PSM to Plaintiff premised on an a single, identical job description, including identical job duties, job objectives, job responsibilities, job qualifications (including experience and education), language skills, manual labor capabilities and general working conditions.

11. The PSM job description, which was used and implemented at all of Defendant's stores within the Northern District of Illinois, was drafted, approved and disseminated by Defendant's corporate offices in line with Defendant's corporate directives and policies that were common to all of Defendant's Chicagoland stores. See, e.g., "Roundy's Supermarkets, Inc. Position Description" for People Services Manager, attached as **Exhibit A.**

12. Plaintiff's claims rest upon a challenge of Defendant's claimed administrative exemption.

13. Plaintiff was originally an opt-in Plaintiff to the *Haugen v. Roundy's Illinois, LLC d/b/a Marino's* (No. 18 CV 7297) matter. Pursuant to Hon. Elaine E. Bucklo's December 13, 2019, Order, the Plaintiffs in that matter filed opt-in consent forms to join the claims asserted by the named Plaintiffs in the *Haugen* matter (Dkt. 50). On August 5, 2021, the opt-in class in the *Haugen*

matter, which contained Plaintiff herein, was decertified (Dkt. 124-125). On September 13, 2021, Hon. Elaine E. Bucklo formally dismissed the claims of *Haugen* opt-in Plaintiffs, without prejudice with leave to refile (Dkt. 131). The *Haugen* matter has since been settled and dismissed by the Court.

14. In response to the decertification ordered by Hon. Elaine E. Bucklo, as described above, Plaintiff and twenty-two (22) other PSM's filed a new case on October 8, 2021, *Cunningham, et al v Roundy's Illinois, LLC d/b/a Mariano's* (No. 21-cv-05368). On, July 6, 2022, Hon. Virginia Kendall granted Defendant's Motion to Sever and severed all of the Plaintiffs' claims, ordering each Plaintiff to file an individual case with an individual case number and filing fee. Dkt. #29.

15. As a result of the common policies described above, Plaintiff was improperly classified as salary exempt and denied overtime for work in excess of 40 hours in a work week.

16. Plaintiff worked over 40 hours most, if not all work weeks she worked for Defendants and was not paid her overtime rate of pay of one and one-half her regular rate.

17. Defendant compensated Plaintiff on a salary basis but failed to pay one-and one-half times the regular hourly rates of pay for all hours worked, including hours over 40 in individual work weeks.

18. Defendant's conduct, practices and policies as alleged herein were in violation of the federal, state and local laws relied upon herein.

## IV. STATUTORY VIOLATIONS

**Fair Labor Standards Act**

19. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff based on Defendant's failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

20. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action.

**Chicago Minimum Wage Ordinance**

21. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid overtime earned on or before the date three (3) years prior to the filing of this action.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

22. Plaintiff herein asserts her individual claim in each of the Counts I through V herein.

23. All applicable statute of limitations under the statutes described above are tolled, subject to Plaintiff's participation in the case of *Haugen v. Roundy's Illinois, LLC d/b/a Marino's*, No. 18 CV 7297 and the ruling entered by the Honorable Elaine E. Bucklo on September 13, 2021 (Dkt. 131), as well as Plaintiff's participation in the case of *Cunningham, et al v Roundy's Illinois, LLC d/b/a Mariano's* No. 21-cv-05368, and the filing entered by the Honorable Virginia Kendall on July 6, 2022

24. Plaintiff, at all times pertinent to the cause of action, was employed by Defendant.

25. Plaintiff's employment as a PSM was integral and indispensable to Defendant's grocery business.

26. During Plaintiff's employment, Defendant applied the common policy of compensating Plaintiff on an exempt salary compensation plan, all as alleged above and throughout.

27. As identified in paragraph 7 above, Plaintiff worked at Defendant's grocery store locations physically located within the City of Chicago.

5

28. On a regular basis, Plaintiff worked at least two hours while physically present in the City of Chicago during two-week periods and were at all times "Covered Employees" as defined by the CMWO.

29. Defendant maintained numerous grocery stores that were and are physically located within the City of Chicago.

30. Through these locations, Defendant employed and employs "Covered Employees" as set forth above, and as such was and is an "Employer" as defined by the CMWO.

31. Additionally, because Defendant was operating and engaging in retail sales within the City of Chicago, Defendant was and is subject to the license requirements set forth by the Municipal Code of Chicago.

32. Upon information and belief, Defendant possessed proper license(s) to operate retail stores, sell perishable food products and alcoholic beverages and otherwise conduct business within the City of Chicago.

33. Upon information and belief, Defendant was subject to City of Chicago licensing requirements and thus possessed the required and proper license(s) to operate retail stores, sell perishable food products and alcoholic beverages and otherwise conduct business within the City of Chicago.

34. As such, Plaintiff, who worked in the City of Chicago at Defendant's grocery stores duly located within the City of Chicago was a covered employee working for a covered employer under the CMWO and subject to the CMWO's overtime requirements.

35. Plaintiff was employed as a PSM as outlined and under the terms of Roundy's Supermarkets, Inc. Position Description (referred to herein as the "Position Description"), as contained in **Exhibit A**.

36. The Position Description was and is a product of Defendant's myriad of common policies and uniform procedures developed and implemented by Defendant's corporate offices.

6

Plaintiff was employed under the terms of the Position Description and at the start of her employment, was provided with an identical copy of said Position Description.

37. The common Position Description and terms of employment for Plaintiff as a PSM, including salary compensation for all hours worked, were intentionally and purposefully made identical by Defendant in each store location within the Northern District so that Defendant could establish uniformity and common practice among its various grocery stores, including all locations Plaintiff worked at.

38. The uniform and common practices and policies implemented by Defendant, including the job duties and compensation structure applied to Plaintiff's job as a PSM, were vital for Defendant to successfully replicate its consistent and proven model for profitable grocery stores.

39. Due to the uniform store model and related common policies and practices implemented by Defendant's corporate offices, Plaintiff's PSM job duties as described in the Position Description were pre-determined by Defendant's corporate policies, directives, forms, etc.

40. Defendant, through its corporate office, executive employees and other upper management employees, exercised extensive control over the PSM job duties and day-to-day assignments, duties and tasks undertaken by Plaintiff.

41. Plaintiff's job duties and tasks were highly regulated and controlled, sometimes on a step-by-step and incremental level, by Defendant's common corporate policies, structures, manuals and forms (i.e., orientation packets/training materials, certification programs, intake/interview documents, scripts, flow charts, questionnaires, etc.) such that Plaintiffs were prohibited from exercising discretion and independent judgment as to matters of significance within Defendant's store operations.

42. As a PSM, Plaintiff was directed by Defendant (including its store managers, corporate executives, directors, etc.) to strictly adhere to Defendant's corporate policies and manuals, template forms, scripts, letters and documents, computer programs, and related items that were implemented at all grocery stores in the Northern District of Illinois.

43. Because Plaintiff was required to adhere to Defendant's uniform policies and guidelines, they were unable to exercise discretion and independent judgment as to the PSM duties outlined in the Position Description (Exhibit A).

44. Defendant directly controlled most, if not all, aspects of the day-to-day PSM duties of Plaintiff, through both common and uniform corporate policies and other verbal or written instructions by Defendant's management employees based on said policies.

45. This level of control exerted by Defendant afforded no opportunity for Plaintiff to exercise the degree of discretion and independent judgment necessary to satisfy the administrative exemption.

46. Additionally, Defendants provided step-by-step instructions to Plaintiff regarding certain metrics used to track staffing levels, applicant volume, hiring, etc., which were of importance to Defendant in maintaining its uniform, profitable business model and which resulted in Plaintiff PSM exercising no discretion as to what metrics to track or the strategies used to track them.

47. Most tasks performed by Plaintiff required the review and approval of Defendant's store managers or other management-level employees, who would review Plaintiff's work, suggestions or recommendations in conjunction with Defendant's uniform corporate procedures and guidelines, such that Plaintiff was not permitted to independently make decisions regarding the majority of the aspects of her day-to-day job duties.

8

48. Plaintiff was evaluated by Defendant's management employees on a regular basis. Plaintiff was evaluated using identical, universal and common job performance evaluation reports developed by Defendant's corporate office that were used by all grocery stores in the Northern District of Illinois, including all locations Plaintiff worked at.

49. Plaintiff was evaluated based on how well she satisfied certain metrics and policies implemented by Defendant and whether they followed Defendant's instructions on how to track or achieve these metrics and standards.

50. Over the course of her employment, Plaintiff was reprimanded by Defendant's upper management employees, including during regular employment evaluations, for failure to adhere to the strict corporate guidelines, protocols, standards, policies and practices that determined most, if not all, aspects of Plaintiff's job duties and how said duties were to be performed.

51. As a result of Defendant's overbearing, extensive and minute involvement and control over the day-to-day duties of Plaintiff, Plaintiff did not qualify for the administrative exemption and should have been paid by the hour, including overtime premiums for hours worked in excess of 40 in individual work weeks.

52. Additionally, Plaintiff also spent substantial work hours performing non-exempt hourly associate duties, including bagging groceries, working the cash register, assisting with associate work in different food/beverage departments (deli, seafood, bakery, flowers, etc.). These non-exempt duties would be assigned to Plaintiff by Defendant's Store Manger and/or other department managers or upper-level managers.

53. Combined with the lack of independent judgment and discretion Plaintiff used in her job as a PSM because of the immense and total control of the PSM job exerted by Defendant, Plaintiff's performance of these non-exempt, hourly associate job duties further demonstrated that Defendant's claimed administrative exemption was improper.

9

54. As stated in the Position Description, Plaintiff was required to, and did, work a minimum schedule of fifty (50) hours per week. Typically, this took the form of five (5), ten (10) hour shifts across five (5) workdays.

55. At times, all Plaintiff worked in excess of her minimum schedule because Defendant's store managers required Plaintiff to arrive early or stay late before or after scheduled shifts, because Defendant's business demands required it, or for other reasons required by Defendant.

56. Plaintiff worked or work in excess of forty (40) hours in a workweek without pay for hours worked over forty (40) at a rate of time and one-half her regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

57. Defendant has, both in the past and presently, willfully employed Plaintiff without pay at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek.

58. The total number of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendant lacks the records required by 29 CFR Part 516, Plaintiff will be capable of providing reasonable estimates of that time, as permitted by law.

59. The non-compliant practices as alleged herein are common to Plaintiff.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-59. Paragraphs 1 through 59 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 59 of this Count I.

60. Plaintiff was an "employee" pursuant to 29 U.S.C. §203(e).

61. Defendant was and is an "employer" pursuant to 29 U.S.C. §203(d).

62. Plaintiff was not exempt from the maximum hours provisions of 29 U.S.C. §207.

63. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

64. Defendant has at all times relevant hereto failed and refused to pay compensation to Plaintiff as described above.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-64. Paragraphs 1 through 64 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 64 of Count II.

65. Defendant's common policies as applied and alleged herein were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.

66. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

67. Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times her regular rates of pay for all hours worked in excess of forty (40), for the period of time consistent with the applicable statute of limitations as provided as described above.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation according to each Plaintiff's applicable statute of limitations;

(b) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-67. Paragraphs 1 through 67 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 67 of Count III.

68. In denying Plaintiff's compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds.

69. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and

12

guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

70. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-70. Paragraphs 1 through 70 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 70 of this Count IV.

71. Plaintiff was an "employee" under 820 ILCS 105/3(d) of the IMWL.

72. Defendant was and is an "employer" as defined in the IMWL, 820 ILCS 105/3(c).

73. Plaintiff was not exempt from the overtime wage provisions of the IWML, 820 ILCS 105/4a(1).

74. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

75. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month

following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-75. Paragraphs 1 through 75 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 75 of this Count VI.

76. Plaintiff was "employee" under the CMWO §6-105-010 of the Municipal Code of Chicago.

77. Defendant was and is an "employer" as defined in the CMWO§ 6-105-010.

78. Plaintiff was not exempt from the overtime provisions of the CMWO, §6-105-040.

79. Pursuant to §6-105-020, Plaintiff was entitled to be paid the applicable minimum wage for all hours worked.

80. Pursuant to § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rates of pay.

81. Defendant's failure and refusal to pay required minimum or overtime wages were violations of the overtime compensation provisions of the § 6-105-020, 040.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 08/01/2022*

/s/ John W. Billhorn

_____

John W. Billhorn
One of Plaintiff's Attorney's

Samuel D. Engelson

15

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450