UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| URUJA RAZZAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-3990 |
| ) | |
| ROUNDY'S ILLINOIS, LLC, ) | Hon. Sharon Johnson Coleman |
| d/b/a MARIANO'S, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO STAY BRIEFING**

Defendant, Roundy's Illinois, LLC d/b/a Mariano's ("Defendant," or "Mariano's"), by and through its undersigned counsel, respectfully submits this response brief in opposition to Plaintiff's Motion to Stay Briefing Schedule (Dkt. 16) on Mariano's pending Motion to Dismiss (Dkt. 12).

**PRELIMINARY STATEMENT**

The Court has already considered – and denied – Plaintiff's request to stay briefing on Mariano's Motion to Dismiss. On September 21, 2022, Mariano's counsel appeared at a telephonic hearing for the presentment of Mariano's Motion to Dismiss. (Dkt. 14). During that hearing, Plaintiff's counsel represented to the Court that the plaintiff in another lawsuit against Mariano's, *Cunningham v. Mariano's*, Case No. 21-cv-5368, would be moving (by September 23, 2022, at the latest) to consolidate fifteen cases against Mariano's.[1]

On that basis, Plaintiff orally moved to stay briefing on Mariano's Motion to Dismiss. Plaintiff's counsel explained all the reasons that the Court should enter a stay. Mariano's responded in opposition, and explained why there is no reason to stay briefing. In particular,

---

[1] This turned out to be false. The *Cunningham* plaintiff did not move until September 30, 2022, and still, technically, has not actually moved for consolidation.

Mariano's explained: (a) that Plaintiff and the other plaintiffs represented by the same counsel have already made several failed attempts to litigate their cases together, and (b) even if consolidation were appropriate, there would be no reason to delay briefing the dismissal motion. The Court took Plaintiff's oral motion to stay under advisement—in part, to look into the long history of these cases, which the parties had described during the hearing. The following day, the Court denied Plaintiff's oral motion to stay briefing, and set a briefing schedule. (Dkt. 15).

Apparently under the misapprehension that the Court's rulings are mere suggestions, Plaintiff has now moved ***again*** to stay briefing on Mariano's Motion to Dismiss.

As Mariano's explained during the telephonic hearing, Plaintiff has no grounds to request a stay in ***this case***, based upon a motion that another plaintiff intends to file in an entirely ***different lawsuit***. Mariano's pending Motion to Dismiss is based on a specific set of unique facts and circumstances that pertain only to this particular Plaintiff. There is no reason for this Court to stay briefing on Mariano's motion simply because his lawyer intends to ask another judge (Hon. Virginia Kendall) in a different lawsuit (*Cunningham v. Mariano's*, Case No. 21-cv-5368) for the extraordinary relief of "re-consolidating" this case back into that lawsuit.[2] Instead, there are several reasons why this Court should deny a stay.

*First*, Plaintiff's claims were already dismissed with prejudice, so Mariano's should not be forced to endure any further delay or expense. *Second*, the parties seeking consolidation – including the Plaintiff in this action, and the plaintiff in *Cunningham* – have already sought to have their claims adjudicated before a single judge, and have received several rulings prohibiting them

---

[2] Technically, plaintiff's counsel in *Cunningham* has not yet filed a motion to consolidate under FED. R. CIV. P. 42, or to reassign under Local Rule 40.4; rather, he merely sought leave to file an enlarged brief in support of his supposedly forthcoming motion. *See*, *Cunningham*, Dkt. 40. Once plaintiff's counsel files his motion to consolidate in *Cunningham*, there is little chance that Judge Kendall will actually entertain his request. She has already decided this issue against the Plaintiff and his counsel, by virtue of her July 6, 2022, severance order – which was the culmination of nearly eight months of hotly-contested litigation. *Id.*, Dkt. 29.

from adjudicating their claims together. Accordingly, there is little reason to think that the cases will ever be re-consolidated. And *third*, even if the cases were re-consolidated, each plaintiff would still need to respond to each of Mariano's pending motions to dismiss, so there is no reason to delay briefing on the Motion to Dismiss in this action.

### **PROCEDURAL HISTORY**

On November 1, 2018, James Haugen sued Mariano's for alleged violations of the Fair Labor Standards Act (and ancillary state laws and local wage ordinances), on his own behalf and on behalf of other similarly situated People Service Managers ("PSMs," which are store-level human resources managers employed at each Mariano's store location). *See Haugen, et al. v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 18-cv-7297 (N.D. Ill.), Dkt. 1. Mr. Haugen alleged that Mariano's misclassified him and other PSMs as "exempt," and consequently violated the FLSA by failing to pay "time-and-a-half" for overtime hours worked. *Id.* at ¶ 5. Mr. Haugen framed his lawsuit as a putative collective FLSA action under 29 U.S.C. § 216(b) and sought to serve as the lead plaintiff.[3]

After "Phase I" discovery, Judge Bucklo granted conditional certification of *Haugen* as a collective action. *Haugen*, Dkt. 51. Twenty-eight (28) plaintiffs eventually opted in, including Plaintiff. The parties began conducting "Phase II" discovery to determine whether there was sufficient similarity among the plaintiffs to allow the matter to proceed collectively on the merits. During Phase II, the parties took extensive discovery that included document requests, interrogatories, more than a dozen (12) depositions. At the conclusion of Phase II discovery,

---

[3] By way of background, courts typically employ a two-part test to determine whether employees are "similarly situated" such that an FLSA action may proceed on a collective basis. "At the first stage, a named plaintiff 'can show that the potential claimants are similarly situated by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 345 (N.D. Ill. 2012) (quoting *Franks v. MKM Oil, Inc.*, No. 10 CV 00013, 2012 WL 3903782, at *9 (N.D. Ill. Sept. 7, 2012)). "At the second stage, however, the court's inquiry becomes more stringent." *Id*.

Mariano's moved to decertify the conditionally-certified collective action on the basis that the plaintiffs were not "similarly situated" to one another. *Haugen*, Dkt. 109.

After examining the parties' extensive briefing and the evidence gathered in discovery, Judge Bucklo ruled that the plaintiffs were not similarly situated to each other under Section 216(b) of the FLSA. On that basis, she granted Mariano's motion to decertify the putative collective action and dismissed the opt-in plaintiffs, including Plaintiff. *Haugen v. Roundy's Illinois, LLC, 552 F. Supp. 3d 806, 811 (N.D. Ill. 2021)*. Judge Bucklo noted, "in light of the individualized factual issues that would predominate, the interests of judicial economy would not be served by allowing the claims to proceed on a collective basis." *Id*. This was the *first* of several rulings prohibiting the plaintiffs from litigating their claims against Mariano's together.

The dismissed plaintiffs later sought clarification regarding Judge Bucklo's decertification/dismissal order. In response, Judge Bucklo entered an order allowing the dismissed plaintiffs to refile their actions only "on an individual basis" by October 4, 2021, thereby marking the *second* ruling prohibiting the plaintiffs from litigating their claims together. *Haugen*, Dkt. 131.

On October 8, 2021, Plaintiff and twenty-two (22) of the other dismissed plaintiffs jointly (and untimely[4]) refiled their claims in a single lawsuit, *Cunningham, et al. v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 1:21-cv-05368 (N.D. Ill.), before Judge Kendall, hoping that a different judge would allow their cases to proceed as a *de facto* collective action. *Cunningham*, Dkt. 1. By refiling their disparate claims in a single action, plaintiffs violated both the letter and the spirit of Judge Bucklo's rulings. Thus, Mariano's moved, under FED. R. CIV. P. 20 and 21, to sever the disparate claims of each *Cunningham* plaintiff into separate actions. *Cunningham*, Dkt.

---

[4] As explained in Mariano's pending Motion to Dismiss in this action, Judge Bucklo's "without prejudice" dismissal of Plaintiff ripened into a "dismissal with prejudice" when Plaintiff failed to re-file by the October 4, 2021, deadline.

4

11 & Dkt. 12.  On July 6, 2022, Judge Kendall granted Mariano's motion and severed each plaintiff, explaining, "[j]ust as the claims asserted in *Haugen* were unsuitable for collective treatment, it is improper for this case to proceed with twenty-three individual Plaintiffs with such disparate claims…." *Cunningham*, Dkt. 29 at 9.  She required each plaintiff to refile his or her severed claims in a separate action by August 5, 2022.  *Cunningham*, Dkt. 30.  This was the ***third*** ruling prohibiting plaintiffs from litigating their claims together.

In early August 2022, Plaintiff refiled individually under the above-captioned case number. However, the plaintiffs yet again attempted to get the Court to litigate their claims together, this time by way of a *de facto* consolidation.  Plaintiff, along with the other severed plaintiffs, falsely stated on their civil cover sheets in the new actions that Judge Kendall had dismissed (as opposed to severed) them from *Cunningham*.[5]  Accordingly, under Local Rule 40.3(b)(2), the Clerk assigned all the cases back to Judge Kendall.  The plaintiffs' scheme worked (at least temporarily); by improperly marking the severed claims as "previously dismissed" by the *Cunningham* court, the plaintiffs managed to circumvent the Local Rules and get their severed claims and disparate lawsuits back before Judge Kendall without moving for consolidation or reassignment.  After several days of discussion with the Clerk's Office (including, according to plaintiff's counsel, a meeting with Chief Clerk Thomas Burton, a consultation with the Executive Committee, and "Judge Kendall hoping for reassignment"), Judge Kendall entered a clarification order, directing the Clerk's Office "to randomly assign each severed case by lot to an active Judge." *Cunningham*, Dkt. 37.  This marked the ***fourth*** time the plaintiffs had been prohibited from litigating their claims together before the same judge.

---

[5] This distinction is important.  "When a federal civil action is severed, it is not dismissed.  Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately." *Lee v. Cook County, Ill*., 635 F.3d 969 (7th Cir. 2011).

5

On or around August 19, 2022, the Clerk's Office reassigned this case to Your Honor. On September 16, 2022, Mariano's moved to dismiss Plaintiff's complaint under Rule 12(b)(6), on the ground that: (a) Plaintiff's claims were dismissed with prejudice from *Haugen*, such that Plaintiff is barred from bringing those claims again here; and (b) even if the claims had not been dismissed with prejudice, the statute of limitations bars at least some (if not all) of Plaintiff's claims. Although Mariano's has moved to dismiss in other "PSM cases," the motions are not "identical." Not only do various plaintiffs assert different claims (depending, in part, on the Mariano's location at which a particular plaintiff worked), but each of their claims accrued on different dates, requiring a unique statute of limitations analysis for each particular plaintiff.

On September 21, 2022, Mariano's appeared for a telephonic hearing before Your Honor to present the motions to dismiss it had filed in two matters: *Razzak v. Mariano's* (Case No. 22-cv-03990), and *Prgam v. Mariano's* (Case No. 22-cv-04034). ([Dkt. 14](#)). Plaintiff's counsel (who represents the plaintiffs in those cases, as well as every other PSM plaintiff in these various cases) appeared as well, and argued during the hearing that Your Honor should stay briefing on Mariano's motions to dismiss until after Judge Kendall has ruled on the issue of re-consolidation. Your Honor considered that argument and, the following day, ultimately rejected it by setting a briefing schedule on the motions to dismiss:

> MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment hearing held on Defendant's Rule 12(b)(6) Motion to Dismiss [12] on 09/21/2022. The parties provided background information regarding the underlying cases from which the instant case arose, *Haugen et al. v. Roundy's Illinois, LLC*, 18-cv-7297 (Bucklo, J.), and *Cunningham et al. v. Roundy's Illinois, LLC*, 21-cv-5368 (Kendall, J.). ***In addition, plaintiff's counsel informed the Court that plaintiff intends to bring a motion for consolidation under FRCP 42(a) before Judge Kendall*** seeking to consolidate multiple individual actions stemming from Judge Kendall's recent severance ruling in the *Cunningham* case. ***Regardless, the Court finds that it is appropriate to enter a briefing schedule on defendant's motion to dismiss at this time.*** Plaintiff's response will be due by 10/20/2022, and defendant's reply will be due by 11/03/2022. Should the outcome of plaintiff's forthcoming consolidation motion before Judge

6

> Kendall warrant an adjustment to that schedule or to the Court's consideration of the motion, the Court will make any such determination at a later date. Telephone status hearing set for 10/05/2022 is stricken.

(Dkt. 15) (emphasis added).

On September 29, 2022, plaintiff's counsel filed a motion in the *Cunningham* case, seeking leave to file an enlarged brief in support of his proposed "Motion to Consolidate," a draft copy of which he included as an exhibit thereto. *See*, *Cunningham*, Dkt. 40-1. Plaintiff now (again) seeks to stay briefing on Mariano's pending Motion to Dismiss in this action.

### ARGUMENT

Plaintiff provides no legitimate reason to stay briefing on Mariano's pending Motion to Dismiss. However, there are several reasons why the Court should deny Plaintiff's requested stay.

### A. **Plaintiff's Claims Have Been Dismissed with Prejudice.**

As explained in Mariano's pending Motion to Dismiss, the claims Plaintiff seeks to assert in this action have already been dismissed with prejudice. (*See*, Def.'s Mo. to Dismiss, at pp. 6-9). When Judge Bucklo decertified the collective action in *Haugen,* she dismissed the claims of all decertified plaintiffs (including Plaintiff in this case) "without prejudice," with the directive that they "may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021." *Haugen*, Dkt. 125, and Dkt. 131. But Plaintiff did not re-file by October 4, 2021, as Judge Bucklo had ordered. Instead, Plaintiff waited until **October 8, 2021,** to re-file those claims as part of the *Cunningham* case. By that time, Judge Bucklo's "without-prejudice" dismissal of Plaintiff's claims had already ripened into a "with-prejudice" dismissal.[6]

---

[6] Ordinarily, "when a court dismisses a case without prejudice subject to the condition that a plaintiff must perform a certain action, such as filing an amended complaint, within a specified time, then upon the plaintiff's failure to perform that action the dismissal ripens into a dismissal with prejudice." *Johnson v. Schoen*, 2011 WL 245569, at *1 (S.D. Ill. Jan. 26, 2011). Indeed, as the Seventh Circuit has explained, where a court imposes a condition on a without-prejudice dismissal, "[w]hen the condition is no longer satisfiable, the dismissal becomes one with prejudice…." *Otis v. City of Chicago*, 29 F.3d 1159, 1164 (7th

*– Footnote Cont'd Next Page…*

Because the Plaintiff's claims have already been dismissed with prejudice, Mariano's should not be required to waste any more time or money litigating this matter, should be spared further procedural gamesmanship by Plaintiff's counsel, and should not be forced to suffer any further delay.

### B. Judge Kendall Has Already Effectively Decided the Issue of "Consolidation" – *Against the Plaintiff.*

Plaintiff argues that briefing on Mariano's pending Motion to Dismiss should be stayed for only one reason: the purported "strength of the consolidation motion pending before Judge Kendall in *Cunningham*." (Pl.'s Mo. to Stay, at ¶ 7). Contrary to what Plaintiff would like the Court to believe, the proposed motion to re-consolidate is neither "pending," nor "strong."

As noted above (*supra.*, pp. 1-2), plaintiff's counsel has not yet filed a motion to re-consolidate this case with the *Cunningham* lawsuit. Rather, plaintiff's counsel has merely sought leave to file an enlarged brief in support of his supposedly forthcoming motion. *See*, *Cunningham*, Dkt. 40. Thus, Plaintiff's motion to stay is (technically) premised on a proposed motion that has not yet been filed. But setting aside this technical matter, the issues raised in the proposed motion for re-consideration have already been decided – repeatedly – against Plaintiff.

In their *Cunningham* severance briefing, the parties addressed the very same issues that will be litigated on a Rule 42 consolidation motion. The threshold requirement for consolidation is whether the actions "involve a common question of law or fact." FED. R. CIV. P. 42(a). That is exactly the same issue that courts analyze in determining whether parties are properly joined

---

Cir. 1994). *See also*, *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005). (plaintiff's failure to file amended complaint within time allotted by Court's "without-prejudice" dismissal order, turned the dismissal into "one with prejudice"). It is well-settled that "a suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata." *Elmore v. Henderson,* 227 F.3d 1009, 1011 (7th Cir. 2000); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001) (holding that that when a federal court dismisses claims with prejudice, that "bar[s] refiling of the same claim" in federal court).

together in a single suit. FED. R. CIV. P. 20(a)(1)(B) (providing that the second requirement for proper joinder is "any question of law or fact common to all plaintiffs."). Accordingly, in their severance briefing, the parties thoroughly addressed whether the plaintiffs' actions present any common issues of law or fact. Mariano's opening brief addressed the issue (*Cunningham*, Dkt. 12 at 12-13); Plaintiff's response brief addressed the issue (*Cunningham*, Dkt. 22 at PageID #:89-90); and Mariano's reply brief addressed the issue (*Cunningham*, Dkt. 26 at PageID #:145-47). Judge Kendall agreed with Mariano's and granted severance. *Cunningham*, Dkt. 29.[7]

Judge Kendall's severance order came after nearly eight months of hard-fought litigation between the parties. *See, e.g., Cunningham* Dkt. 11, Dkt. 29. Having already decided that Plaintiff's claims must be litigated in their own separate lawsuit, severed from the claims of any other PSM plaintiff, Judge Kendall is unlikely to toss aside her carefully-considered ruling and order these severed claims to be re-consolidated before her. This Court should not stay briefing on a pending Motion to Dismiss, based on the contemplated filing of a potential motion in another lawsuit – especially when that motion would almost certainly fail.

### C. Consolidation Would Not Support a Stay in Any Event.

Even if it were likely that Judge Kendall would re-consolidate the very cases that she just severed (an unlikely result), that would not constitute a valid reason to stay briefing on the pending Motion to Dismiss. "Consolidation under Rule 42(a) does not merge two actions into one case." *DeliverMed Holdings, LLC v. Schaltenbrand*, No. 10-CV-684-JPG-DGW, 2010 WL 8751074, at *4 (S.D. Ill. July 10, 2010). "On the contrary, each consolidated case retains its separate identity." *Id*. Accordingly, no matter whether the cases are re-consolidated with *Cunningham* and transferred

---

[7] The plaintiffs argued that, even where a putative collective action does not meet the standard of FLSA § 216(b), the individual claims can still "share common questions of law and/or fact such that joinder under Rule 20 is permissible." *Cunningham*, Dkt. 22 at 2. Judge Kendall, in granting severance, rejected outright the plaintiffs' "common questions of law and fact" argument. *See Cunningham*, Dkt. 29 at 6 n.1.

9

back to Judge Kendall, this Plaintiff – and every other PSM plaintiff – will need to respond to Mariano's Motion to Dismiss. Thus, if the parties to this action simply follow the briefing schedule, then in the unlikely event the case is transferred back to Judge Kendall, the Motion to Dismiss will be fully-briefed and ready for decision. Granting a stay of that briefing would cause undue delay, with no discernible benefit.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Defendant, Roundy's Illinois, LLC d/b/a Mariano's, respectfully requests that the Court enter an Order denying Plaintiff's Motion to Stay Briefing Schedule.

Dated: October 3, 2022

Respectfully submitted,

**ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, Defendant**

By: _/s/ Christopher S. Griesmeyer_
One of Its Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court via the CM/ECF System which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them, including counsel of record for Plaintiffs:

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, Illinois 60604
jbillhorn@billhornlaw.com
sengelson@billhornlaw.com

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60602
(312) 428-2750
cgriesmeyer@grglegal.com

*One of the Attorneys for Defendant,*
*Roundy's Illinois, LLC d/b/a Mariano's*