## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| URUJA RAZZAK | ) | |
| | ) | Nᵒ. 1:22-cv-3990 |
| Plaintiff, | ) | |
| | ) | **Hon. Sharon Johnson Coleman** |
| v. | ) | **District Court Judge** |
| | ) | |
| ROUNDY'S ILLINOIS, LLC D/B/A | ) | |
| MARIANO'S | ) | *JURY DEMAND* |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION
### TO DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS

I.     **INTRODUCTION**

As this Court is aware, along with various other judges of the Northern District, Defendant (Roundy's) has filed Rule 12(b)(6) motions in 15 different cases, including here, wherein former employees (called "People Services Managers or "PSMs") have brought nearly identical wage and hour claims, all originating from what PSMs assert was Roundy's implementation of an improper salary misclassification. The pertinent procedural history, as developed in Roundy's opening brief and touched on below, is not only simple, but for purposes of the coordinated dismissal attacks, the relevant procedural history governing all of Roundy's dismissal motions is *identical*.

After decertification of an FLSA collective action that Plaintiff (and others) joined via opt-in Consent, all 15 Plaintiffs, including this Plaintiff, re-filed their claims in a "group complaint" pursuant to Rule 20 (hereinafter the "*Cunningham, et al.*" matter) four (4) days after the date Judge Bucklo indicated in an order was the date by which each "may re-file their claims". Roundy's asserts that those four (4) days eliminate a perfectly healthy and otherwise valid statute of limitations - a limitations period firmly tethered to a discernable date on the calendar: i.e., the filing of Plaintiff's original Consent form to join the FLSA collective action that was before Judge

Bucklo in the matter of *Haugen v. Roundy's Illinois, LLC*, Case No. 18-cv-07297. The preservation of that "relating back" date was not destroyed by the four (4) day delay, as Defendant argues. Instead, as will be demonstrated *infra*, the harshest ruling available under the circumstances of the four (4) day delay is that when Judge Bucklo's tolling date passed, Plaintiff's limitations period again started to run, and those four (4) days of limitations were lost. But the entire limitations period was not extinguished. Of course, Defendant is not looking to eliminate just the four (4) days it might be entitled to. Rather, Defendant asserts those few days entitle it to a complete eradication of this claim and 14 others without ever measuring the merits and without establishing even an ounce of prejudice, unfairness, or compromise in Defendant's ability to defend the claims on the merits.

Here, Plaintiff submits that the language Judge Bucklo used in decertifying the original collective action did not amount to anything even resembling a definitive "file or else" or "dismissed with prejudice" mandate because, very likely, her Honor understood that the re-filing date she established related only to the ***tolling*** of the expiration of applicable limitations periods – not the obliteration of such time. Even if the limitations period did start to run for those few days, that notion does not disturb all other established concepts of "relating back" for purposes of the statute of limitations. Additionally, the *Otis* case that anchors Defendant's argument for dismissal differs substantially as to facts and legal inquiry. Moreover, in electing to move for severance in direct response to the *Cunningham, et al.* matter as its first and only submission at the pleading stage, Defendant waived the Rule 12(b)(6) arguments asserted now. Finally, this Court possesses the discretion to honor the judiciary's long-standing and strong preference for having claims judged on the merits instead of dismissal under technical provisions, especially when a Defendant can show no disadvantage growing out of a simple 4-day delay.

## II.     BRIEF RECAP OF PROCEDURAL HISTORY

Roundy's has, to date, successfully avoided any ruling from any court in this District as to the merits of the alleged misclassification of PSMs in its Chicagoland Mariano's stores (although two (2) claims from the *Haugen* matter were resolved via settlement conference with Hon. Magistrate Judge Shelia M. Finnegan).[1] Instead, Defendant has sought piece-meal relief over the course of three (3) years. Initially, Defendant sought decertification of a collective action. Next, Defendant elected to forgo any Rule 12(b)(6) argument for dismissal for a significant period and instead pursued severance before this Court. Lastly, Defendant seeks the instant dismissal motions on an individual basis.

The chosen defense plan has certainly utilized all the available rules. To date, the results appear on the surface to have been successful, albeit accomplished at the cost of burning valuable resources of the Parties and the various courts along the way. Still short of the merit of the claims, Defendant seeks to have Plaintiff's claims dismissed based on an attenuation and stretching of technical aspects of civil procedure, and the wholesale discounting of the difference between tolling and running (or expiration) of a limitations period.

### A.      Plaintiff's Original Joinder to the *Haugen* Collective Action

On January 31, 2020, Plaintiff filed her FLSA Consent form to join a conditionally certified collective action pursuant to 29 U.S.C. §216(b) in the matter of *Haugen, et al. v. Roundy's Illinois, LLC*. See *Haugen* Dkt. 57. That date serves as the commencement of Plaintiff's claims against Defendant and sets the water mark for the two (2) year or three (3) year limitations period as governed by the federal and state statutes in play.[2]

---

[1] The original named Plaintiffs in the *Haugen* matter later settled their claims against Defendant following a second settlement conference before Hon. Shelia M. Finnegan. As required by 7th Circuit precedent (see *Salcedo v. D'Arcy Buick GMC, Inc. 227 F.Supp.3d 960,* the settlement was approved on the record. See *Haugen* Dkt. 148, 149.

[2] FLSA action commences upon filing of consent form. See 29 U.S.C. §216(b).

After decertification by Judge Bucklo, Plaintiff refiled her claim along with several other PSM plaintiffs in a single complaint, pursuant to Rule 20 (the *Cunningham, et. al.* case). On July 6, 2022, Judge Kendall issued a ruling severing the 23 Plaintiff PSM claims which had been filed together. Judge Kendall's ruling required severed Plaintiffs to file individual wage actions, under standalone case numbers, and pay the filing fee. This Court's opinion reasoned that since the joined claims in *Cunningham, et. al.* were previously decertified as a collective action, severance of the claims under Rule 20 was warranted.[3] Plaintiff then filed her individual claim, as instructed by this Court, and the matter was randomly assigned here.

Defendant now argues Plaintiff's claim must be dismissed with prejudice, or alternatively substantially dismissed due to a "wiped out" statute of limitations period, because following decertification by Judge Bucklo, the refiling of Plaintiff's claim in the joined *Cunningham et. al*. complaint pursuant to Rule 20 was filed four (4) days later than the date established by Judge Bucklo's tolling order. Defendant seeks the extraordinary and inequitable remedy of completely extinguishing Plaintiff's claims due to a minor, non-prejudicial and inconsequential delay. Not only would such a finding be inequitable, as the federal courts prefer cases to be decided and adjudicated based upon their merits but would also be contrary to established law. As will be shown, those four (4) days represent nothing more than the limitations period temporarily starting to run again – for a short four (4) days, tolled again by the group filing in *Cunningham, et. al.* For these reasons and others argued *infra*, this Court should deny Defendant's Motion to Dismiss.

---

[3] Presently pending before Judge Kendall is Plaintiff Cunningham's Motion to Consolidate Cases Pursuant to Rule 42 and Reassign Related Cases Pursuant to Local Rule 40.4, wherein Plaintiff asserts that all 15 Motions to Dismiss should be decided by (1) court (i.e., Judge Kendall, who has the lowest assigned case number) so as to assure consistent rulings upon identical facts and law.

### III.  ARGUMENT

   **A.**  **Defendant Ignores Well-Settled Law in This District Which Confirms the Claims of Decertified and Severed Plaintiffs Relate Back to the Date Their Consent Forms Were Filed as Part of Joinder to a Collective Action, Therefore Preserving Plaintiff's Entire Claim**

Defendant requests this Court either dismiss Plaintiff's entire claim with prejudice or that a significant portion of Plaintiff's claims are time-barred. See, generally, Defendant's Rule 12(b)(6) Motion to Dismiss ("Def. Mtn."). Defendant asserts Plaintiff's slightly delayed re-filing as part of *Cunningham, et. al.* results in these extreme remedies. However, Defendant ignores case law from this District that establishes a plaintiff's FLSA claims, which were initially asserted as part of a later-decertified collective action, relate back to the date of filing of that plaintiff's consent form pursuant to Rule 15, and the limitations period is thus tolled.

As stated, *supra,* Plaintiff's consent form to join the *Haugen* collective action was filed on January 31, 2020. *Haugen* Dkt. 57. A plaintiff's statute of limitations for FLSA is tolled as of the date of filing of the consent form to join a collective action under 29 U.S.C. §216(b) *Harkins v. Riverboat Servs., Inc.,* No. 99 C 123, 2002 WL 32406581, at *2 (N.D. Ill. May 17, 2002), *aff'd*, 385 F.3d 1099 (7th Cir. 2004); *Watt v. Fox Rest. Venture, LLC,* No. 17-CV-2104, 2019 WL 698058, at *3 (C.D. Ill. Feb. 20, 2019).[4] Following decertification of the *Haugen* collective action, which took place many months after Plaintiff's Consent was filed, upon all Plaintiffs' request, Judge Bucklo granted Plaintiffs' Motion to Toll Statute of Limitations over staunch objection by Defendant. See *Haugen*, Dkt. 131.[5] Plaintiff next refiled her claims, along with several other PSM plaintiffs, under Rule 20 in the group *Cunningham, et. al.* complaint. As described, Judge Kendall severed the claims pursuant to Rule 21, ordering each Plaintiff to file an individual claim.

---

[4] Plaintiff alleges here that Defendant's violations of the FLSA were willful, such that the expanded three year statute of limitations applies.

[5] Judge Bucklo, exercising her discretion regarding equitable tolling, tolled the statute of limitations for all decertified Plaintiffs. See *Haugen*, Dkt. 131.

*Cunningham, et al.*, Dkt. 29, 30. Fifteen of the 23 severed Plaintiffs re-filed their claims as directed. As demonstrated, Plaintiff herein has, as have all Plaintiffs in these related cases, taken great measure to preserve the limitations period and satisfy the equitable "relating back" concept from the very beginning of this procedurally challenged case.

Illustrating the tolling concept and the powers of the Court to so toll, it is further established that following severance of claims pursuant to Rule 21, the statute of limitations is **tolled** to allow the severed plaintiff to refile an individual claim. See *Miller v. Illinois Bell Tel. Co.*, 157 F. Supp. 3d 749, 757 (N.D. Ill. 2016) ("Chief Judge Castillo discussed limitations periods in the context of severed claims in his March 2015 ruling when his explained that the remedy for misjoinder is severance and not dismissal because district courts are 'duty bound' to prevent misjoinder from 'lead[ing] to a dismissal with statute of limitation consequences[.]'" *Adkins v. Illinois Bell Tel. Co.*, No. 14 C 1456, 2015 WL 1508496, at *10 (N.D.Ill. Mar. 24, 2015) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); See also *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333 (ALC)(SN), 2017 WL 1434498, at *1 (S.D.N.Y. Apr. 19, 2017) ("In order to avoid prejudice to opt-in plaintiffs, Courts may invoke equity powers to toll the statute of limitations in FLSA collective actions after they have been decertified.").

Moreover, the Court in *Miller* addressed a near-identical situation to the unique procedural road Plaintiff's claims has taken herein, and that case is instructive in this instance. In *Miller*, Miller initially joined, by filing a signed opt-in consent, the conditionally certified collective action matter of *Blakes v. Ill. Bell Tel. Co.*, Case No. 11-cv-0336. The *Blakes* collective action was later decertified, in part, by Hon. Magistrate Judge Young B. Kim. The decertified *Blakes* plaintiffs, including Miller, then reasserted their claims in a joined complaint pursuant to Rule 20, known as *Tinoco v. Ill. Bell Tel. Co.,* No. 14-cv-1456. The *Tinoco* complaint, which included the joined claims of approximately 140 plaintiffs, was later severed by Judge Castillo via Rule 21. The

blueprint of the *Miller* case and this case is essentially identical. Defendant would have this Court believe Plaintiff's slight delay in refiling her claims in the *Cunningham, et. al.* matter under Rule 20 *destroyed* the linkage between each of these non-dispositive steps in the litigation. However, Judge St. Eve was clear in *Miller* that to the extent a decertified plaintiff's claims are unchanged from those initially asserted by way of joinder prior to decertification, the claims will relate back to the initial joinder and thus preserve the claims for the entire, original statute of limitations period.

In evaluating an identical set of facts, including a similar motion to dismiss filed by the Illinois Bell defendant, Judge St. Eve reasoned that as an initial matter, courts in the Northern District of Illinois had found that the severed claims "were not separate lawsuits, but [all] stem from the *Blakes* Action based on the premise that '[t]he statute of limitations for a plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action.'" *Miller v. Illinois Bell Tel. Co.*, 157 F. Supp. 3d 749, 754 (N.D. Ill. 2016).[6] Further, the *Miller* court and other courts deciding the same issue (See *Ballard v. Illinois Bell Tel. Co.*, No. 15 C 2687, 2015 WL 6407574 (N.D.Ill. Oct. 21, 2015) and *Hodges v. Illinois Bell Tel. Co.*, 15 C 2711, 2015 WL 6407757 (N.D.Ill. Oct. 21, 2015)), all concluded that "these lawsuits were not separate from the *Blakes* Action for Rule 15(c) purposes based on equitable considerations." *Miller* at 754. Ultimately, Judge St. Eve found, as Plaintiff urges the Court to find here, that despite an inconsequential and negligible delay in the filing of the joined *Cunningham, et al.* matter, that "[d]ue to equitable considerations, [Plaintiff]'s arguments are the more persuasive under the unique circumstances of this case … [a]ccordingly, the Court applies the relation-back doctrine to Miller's claims". *Miller* at 755–56. As the courts

---

[6] However, the statute of limitations did **not** begin to run again as to Plaintiff's claims following decertification, because Judge Bucklo tolled the statute of limitations while Plaintiff took steps to reassert her individual claims. See *Haugen* Dkt. 131.

reasoned in each of the *Miller, Ballard* and *Hodges* matters, Plaintiff's re-filing of her individual complaint (under this caption) again tolled her limitations period, even if the limitations period began to *run* again for the four (4) days prior to the refiling.

Well-settled precedent exists as to the precise circumstances at issue here. Yet Defendant seeks to improperly amplify a nondescript delay in re-filing to overcome the established roadmap this District has developed in identical litigation scenarios. As Judge Castillo opined in *Adkins*, relying on Seventh Circuit precedent, "the district court is 'duty-bound' to prevent misjoinder from 'lead[ing] to a dismissal with statute of limitations consequences[.]' *Elmore v. Henderson,* 227 F.3d 1009, 1012 (7th Cir. 2000). Thus, the Court must allow the severed claims 'to continue as [ ] separate suit[s] so that [they will] not be time-barred.'" *Adkins v. Illinois Bell Tel. Co.*, No. 14 C 1456, 2015 WL 1508496, at *10 (N.D. Ill. Mar. 24, 2015) (cleaned up). Obviously, the intent of the courts in these scenarios is to protect decertified and misjoined plaintiffs from motions to dismiss on grounds of expired statutes of limitations. Judge Bucklo's order did just that, even if Plaintiff's delay in refiling trimmed four (4) days from the applicable limitations period.

> **B.**  **The Running of Plaintiff's Statute of Limitations Was Tolled for All But a Few Days During the Entire Period Between Decertification and Refiling in *Cunningham, et. al.* Such That the Dismissal Sought by Defendant is Inappropriate**

The basis of Roundy's dismissal motion ignores the premise that a *tolling* of the statute of limitations merely pauses or suspends the *running* of the statute of limitations during the defined tolling period, only to restart running once the equitable tolling period expires. See *Ferrill v. City of Milwaukee*, 295 F. Supp. 2d 920, 924 (E.D. Wis. 2003) ("equitable tolling applies … the statute of limitations is merely suspended"). Defendant cites the matter of *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971–72 (7th Cir. 2011) (and its reliance on *Elmore*, referenced above) as support for the notion that following the *without prejudice* dismissal of Plaintiff's claims by Judge Bucklo and the passing of the expiration of the tolling of the statute of limitations, Plaintiff's otherwise firmly

established limitations period somehow automatically expired. Def. Mtn., pg. 10. Defendant states that "if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

But Defendant intentionally leaves out an important fact in play here that did not exist in *Elmore* – Judge Bucklo affirmatively, and upon request by the Plaintiffs, **tolled** the statute of limitations for the entire interim period between decertification and dismissal without prejudice, up to the date she established as the end of the *tolling* period. The tolling order entered by Judge Bucklo preserved the "wip[ing] out" of the statute of limitations following dismissal without prejudice, rendering the *Lee* and *Elmore* cases cited by Defendant inapposite to the circumstances at issue – particularly in light of the identical facts and law analyzed in *Miller* and related cases in this District. Thus, this Court should deny Defendant's Motion to Dismiss.

### C. Judge Bucklo's Clarification Order Never Directly or Indirectly Stated That the October 4, 2021 Date Was the Date Dismissal with Prejudice Would Occur Should Any Plaintiff Fail to Refile Their Claims by That Date

As part of Defendant's presentation to this Court supporting dismissal, Defendant embellishes Judge Bucklo's order and makes several statements asserting Plaintiff's claims had "already been dismiss[ed] with prejudice by Judge Bucklo", "Judge Bucklo already dismissed [Plaintiff's] claims with prejudice", and other similar representations. Def. Mtn., pgs. 5, 6. However, it is clear from a plain reading of Judge Bucklo's order and a review of the *Haugen* docket that **at no point** did Judge Bucklo ever suggest, or even contemplate, that any Plaintiff's claim would or could be dismissed with prejudice. Nor did Judge Bucklo ever enter an order of any kind dismissing Plaintiff's claims with prejudice. Judge Bucklo properly entered an order establishing the date upon which her *tolling* of the limitations period would expire.

Following the *Haugen* decertification, the decertified plaintiffs filed their Motion to Clarify Dismissal of Opt-In Plaintiffs and Motion to Toll Statute of Limitations for Decertified Claims. *Haugen* Dkt. 126. In granting Plaintiffs' motion to toll the statute of limitations for all decertified plaintiffs, Judge Bucklo also granted Plaintiffs' request "to make clear that the August 5, 2021 order **dismissed the opt-in plaintiffs without prejudice**." *Haugen* Dkt. 131 (emphasis added). No plain reading of any order or any entry by Judge Bucklo indicates Plaintiff's claims were *ever* dismissed with prejudice, and such a result cannot just materialize from nowhere. This Court should reject Defendant's disingenuous description of Judge Bucklo's order and deny its motion to dismiss.

**D.    By Failing to Raise an Argument That the Late Refiling of the Decertified Claims Before Judge Kendall in *Cunningham, et al*. Were Barred at the Time That Complaint Was Filed, Defendant Waived That Argument and Cannot Advance it Now**

Following Judge Kendall's order that severed the claims of the 23 joined claims in *Cunningham, et al. v. Roundy's Illinois, LLC*, 15 of the Plaintiffs filed individual complaints which were randomly assigned across the Northern District. Each Plaintiff, including Plaintiff herein, paid a separate filing fee with the Court, and had new, individual case numbers assigned by the Clerk. Hence, any pleadings, motions or other procedural matters as to *Cunningham, et al. v. Roundy's Illinois, LLC* ceased. Now, roughly thirteen (13) months after the events Defendant raises in its instant motion, Defendant improperly seeks to reprise that now-defunct proceeding. This effort is at least one degree removed from ripeness because Roundy's attacked the *Cunningham, et al.* group re-filing with a severance motion and failed to assert the arguments raised in its dismissal motion first.

Generally, arguments that are not made in a party's initial responsive pleading are forever waived and cannot be reasserted in later proceedings. This includes assertion of an affirmative defense of failure to state a claim upon which relief can be granted, including that a statute of

limitations bars a particular claim. See *Lewis v. Hermann*, 775 F. Supp. 1137, 1143 (N.D. Ill. 1991); See *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 935 (8th Cir. 1999) ("A defense based upon the statute of limitations is generally waived if not raised in a responsive pleading. See Fed.R.Civ.P. 8(c)". Here, Defendant's responsive pleading (the severance motion) as to the *Cunningham, et al.* complaint has come and gone without any mention of either of the arguments raised now.

The proper time for Defendant to have advanced the argument that all the original *Cunningham, et al.* Plaintiffs were barred because of the four (4) day delay, would have been at the pleading stage of the original 23-plaintiff *Cunningham, et al.* matter (i.e., October 2021). Defendant had ample and equal opportunity move to dismiss those joined claims with prejudice (promoting each of the exact same arguments at issue now), as well as move to sever the alleged misjoined claims at the same time. There exists no precedent or rule of civil procedure prohibiting Defendant from filing a combined motion to dismiss and motion to sever claims – combined motions of that nature are commonplace in federal practice. But Defendant chose not to do so. As its responsive pleading in the group *Cunningham, et al.* case, Defendant could have certainly moved to dismiss the claims for the reasons it articulates now and ask that alternatively, the claims be severed if not all dismissed. See *Spaeth v. Michigan State Univ. Coll. of L.*, 845 F. Supp. 2d 48, 50 (D.D.C. 2012) ("Before the Court are motions to dismiss, or in the alternative to sever and transfer, brought by defendants", where plaintiff sued six law schools alleging violations of the Age Discrimination in Employment Act). Defendant has, at every juncture, seemed to want to have different judges decide the life or death of these claims and spread that decision throughout the entirety of the Northern District. That otherwise inexplicable desire has resulted in an untimely motion to dismiss - a belated defense that should have been asserted at the pleading stage of the original group *Cunningham, et al.* matter.

**E.**     **Defendant's Reliance on *Otis* is Misplaced Because of Significant Factual Differences with the Case at Bar, and Because in *Otis* the Seventh Circuit Addressed the Question of Appealability, Not the Question of Tolling of Statute of Limitations**

Defendant relies exclusively on the opinion of the Seventh Circuit in *Otis v. City of Chicago,* 29 F.3d 1159, 1161, (7th Cir. 1994) and its progeny, in support of its argument that Plaintiff's claims be dismissed. Defendant's reliance is misplaced. Defendant asserts the holding in *Otis* for the proposition that a missed deadline automatically, unquestionably and in all circumstances results in a dismissal of a claim with prejudice– not withstanding an otherwise alive and well limitations period. First, that was **not** the holding of the Seventh Circuit in *Otis*. Moreover, the question before the Seventh Circuit was completely different. In *Otis*, the question presented was at what point in time a particular issue was ripe for appeal – not an evaluation of claim preclusion or statute of limitations consequences of a missed deadline. Further, the underlying facts in *Otis* that resulted in the dismissal of those claims with prejudice were **vastly** different than here, where Plaintiff has diligently pursued her claims and zealously protected the limitations period.

In *Otis*, the plaintiff alleged the City of Chicago illegally discriminated against her and the district court appointed her counsel. *Id.* Over the course of the litigation, Otis displayed constant dereliction in pursuing her claim. *Id.* Following numerous periods of non-action and upon Otis's failure to attend a status hearing and deposition, the district court advised Otis "that '[f]ailure to cooperate with counsel will result in dismissal' of the case", and admonished Otis: '[I]f you miss any of those dates, your case is over.'". *Id.* at 1162. Otis continued to miss deadlines following the court's clear warnings, leading the court to enter an order granting Defendant's motion to dismiss for repeated failure to comply with the court's orders. *Id.* However, the district court in *Otis* never entered any subsequent order in the case, such as a judgment against Otis dismissing her case with

prejudice, as required by Rule 58. *Id.* Otis did not file any pleadings for more than six (6) months and filed a notice of appeal more than seven (7) months after the Court's last order on the case. *Id.*

The question presented to the Seventh Circuit was **not** whether a missed deadline should result in an automatic dismissal with prejudice or complete eradication of a previously tolled statute of limitations. Rather, the questions before the 7th Circuit panel were a) in the absence of a Rule 58 judgment from the court, did a final order exist such that the plaintiff could appeal; and b) whether a final order could be assumed in the absence of an actual entry by the trial court, thereby starting the clock for a timely appeal. The Seventh Circuit distilled those questions down to the following, single query: "[i]f the district court provides for conditional dismissal and neglects to enter a Rule 58 judgment, may the plaintiff appeal?" *Otis* at 1164.

Defendant argues, as its only precedential support, that the *Otis* decision, absent all nuance and context, supports a dismissal with prejudice any time there is a failure to adhere to a court deadline. That is simply not what the *Otis* court said. Defendant further contorts the holding in *Otis* by stating that the *Otis* court "expressly overruled *Hatch v. Lane,* 854 F.2d 981, 982 (7th Cir. 1988), which previously held that a dismissal order granting leave to file an amended complaint by a date certain did not become a final decision when time expired." Def. Mtn. at pg. 8, ft. 3. But in reviewing the actual text of the *Otis* opinion, no such blanket mandate appears in the *Otis* ruling. Justice Easterbrook specifically qualified the Court's overruling of *Hatch,* stating "[w]e overrule *Hatch ...* **to the extent [it forbids] an appeal from a conditional order of dismissal after the time to satisfy the condition has expired**." *Otis at* 1168 (emphasis added).

The facts and circumstances embedded in the *Otis* decision are inapposite to the brief and inconsequential delay in the refiling of Plaintiff's complaint after decertification, and *Otis* offers no support for the harsh consequences lobbied by Defendant herein.

**F.      Courts Have Consistently Expressed a Strong Policy in Favor of Deciding Cases on Their Merits, And Even if This Court Finds That Judge Bucklo's Tolling Did Not Save Plaintiff's Claims from Expiration After a 4-Day Delay, the Inherent Discretion Possessed by This Court Allows a Decision Anchored Upon the Premise of Equity**

Federal courts have "a strong policy in favor of deciding cases on their merits", which is what Plaintiff seeks here. *Wynant v. Kowaluk*, No. 118CV01941TABWTL, 2018 WL 6831452, at *2 (S.D. Ind. Dec. 28, 2018); "Generally speaking, it is desirable to resolve cases on their merits." *Rual Trade Ltd. v. Viva Trade LLC*, 549 F. Supp. 2d 1067, 1071 (E.D. Wis. 2008) (citing *Yong–Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir.2007)); "If the case is close, "doubts should be resolved in favor of reaching a decision on the merits." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984)). Here, based upon these facts, no substantial circumstances exist such that this Court should impose the harsh penalty of dismissal of a claim prior to a consideration of the underlying merits.

Defendant's sole basis for outright extinguishment of Plaintiff's claims is grounded in a four (4) day delay. Even if this Court were to infer Judge Bucklo's order clarifying the refiling date was a "or dismissal with prejudice" mandate, this Court should exercise its discretion and set aside the trivial four (4) day delay in the refiling of Plaintiff's complaint in October 2021. The Federal Rules of Civil Procedure, as well as precedent within this Circuit, underscore the ability of this Court to exercise discretion as it relates to filing dates and other deadlines, especially when no prejudice to a party is indicated.

Federal Rule of Civil Procedure 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is a somewhat "elastic concept," … [i]n doing so, the Court takes "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the

[nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Hanson v. Gladieux*, No. 116CV00201JTMSLC, 2017 WL 4385442, at *1 (N.D. Ind. Oct. 2, 2017). Here, as demonstrated throughout, Plaintiff and her counsel have displayed tenacious diligence in prosecuting these claims, and while the Court could disagree with Plaintiff's view of the tolling effect of Judge Bucklo's limitations clarifying Order, it has within its sound discretion to accommodate Plaintiff's good faith judgment that Judge Bucklo's Order was not a mandated, dispositive finding that destroyed an otherwise existent limitations period.

Furthermore, a district court is granted discretion in terms of accepting late filings, for the court "best knows the impact the error has on the court's operation and calendar. It knows the attorney and his motives, the circumstances of the case and the judicial economy of excusing the neglect." *Kane v. Fin. of Am. Reverse, LLC*, No. 117CV02266JMSTAB, 2018 WL 2001810, at *2 (S.D. Ind. Apr. 30, 2018). The procedural history of Plaintiff's claims clearly illustrates that she has, through counsel, at all times vigorously pursued and litigated these claims, such that this Court knows the motives and circumstances of Plaintiff and undersigned counsel. Those motives and circumstances are not in bad faith or regularly careless. In fact, Plaintiff's counsel has taken careful measures all along to create a clear record regarding the connection of the claims throughout the persistent procedural turns involved, even to the point of *asking* Judge Bucklo for the very clarification that is now at the core of Defendant's misguided dismissal attack.

## IV.    Conclusion

Defendant's untimely, disingenuous, and attenuated arguments should be rejected by this Court. Defendant's motion to dismiss fails and this Court should deny the motion it in its entirety and permit Plaintiff's claims to continue.

Respectfully submitted,

***Electronically Filed 10/20/2022***

*/s/John W. Billhorn*
John W. Billhorn
Samuel D. Engelson

Attorneys for Plaintiff
Billhorn Law Firm
53 W. Jackson Blvd., Suite 1137
Chicago, Illinois 60604

16